CORPORATION, Appellant.— Order in so far as it denies motion to strike out certain allegations contained in the amended complaint affirmed, with ten dollars costs and disbursements. In so far as it denies motion to extend time to answer, order reversed upon the law and the facts, without costs, and motion granted, without costs; defendant to answer within twenty days from service of a copy of the order herein. In the circumstances an extension of time to answer should have been granted. Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.

MATHILDA STEINBACH, Respondent, v. SERVICE REALTY COMPANY and 106–108 FULTON STREET CORPORATION, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

BENEDETTO TERCOSI, Respondent, v. MICHAEL BIGUS and Others, Appellants, and ANNIE KLEIN, Doing Business, etc., Respondent.— Judgment modified by striking out the sum of $180.05 granted plaintiff as an extra allowance, and as so modified judgment unanimously affirmed, without costs. We think this allowance was not justified in this case, and, therefore, reverse so much of conclusion of law numbered XIV as includes this allowance. The amount of recovery follows closely appellants' own figures, totaling $3,982.70, but this represents only the cost of the labor and materials, to which should be added the contractor's ten per cent, thus totaling $4,380.97; deducting therefrom $2,300, admittedly paid on account, leaves a balance of $2,080.97. To this must be added the Klein lien of $530, which amount plaintiff is obligated to pay out of his own recovery. The total, therefore, is $2,610.97, being approximately $10 over and above the amount awarded by the official referee. We find no error in the computation of which the appellants can complain, but reverse the official referee's refusal to find that plaintiff had been paid the sum of $2,300 on account, as we regard such refusal to have been purely inadvertent. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ. Settle order on notice.

CLARA WEISSMAN, Respondent, Appellant, v. ISRAEL CRAMER, Appellant, and JOSEPH BREINES, Respondent.— On appeal by defendant Cramer, judgment and order unanimously affirmed, without costs. On appeal by plaintiff, order denying motion to set aside verdict in favor of defendant Breines unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty, and Carswell, JJ.

JOSEPH WEISSMAN, Respondent, Appellant, v. ISRAEL CRAMER, Appellant, and JOSEPH BREINES, Respondent.— On appeal by defendant Cramer, judgment and order unanimously affirmed, with costs. On appeal by plaintiff, order denying motion to set aside verdict in favor of defendant Breines unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

MORRIS WEISSMAN, an Infant, by JOSEPH WEISSMAN, His Guardian ad Litem, Respondent, Appellant, v. ISRAEL CRAMER, Appellant, and JOSEPH BREINES, Respondent.— On appeal by defendant Cramer, judgment and order unanimously affirmed, without costs. On appeal by plaintiff, order denying motion to set aside verdict in favor of defendant Breines unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

In the Matter of JAMES W. HICKS, an Attorney.— Motion to confirm report of official referee granted and respondent suspended from the practice of the law

for a period of one year. Lazansky, P. J., Young and Seeger, JJ., concur, Rich, J., dissents; Scudder, J., dissents upon the ground that it does not appear from the record that a complete and detailed investigation of the affairs of the respondent was presented to the official referee.

In the Matter of JOHN F. HICKS, an Attorney.— Motion to confirm report of official referee granted and respondent suspended from the practice of the law for a period of one year. Lazansky, P. J., Young and Seeger, JJ., concur; Rich, J., dissents; Scudder, J., dissents upon the ground that it does not appear from the record that a complete and detailed investigation of the affairs of the respondent was presented to the official referee.

GEORGE A. SCHRIEFER, Appellant, v. HEWLETT MANOR Co., INC., and Others, Defendants; THE BERGER MANUFACTURING COMPANY, Respondent.— Motion to dismiss appeal of plaintiff Schriefer denied, with ten dollars costs. The only appearances on the motion at Special Term were on behalf of Schriefer and the Berger Manufacturing Company. No other party is concerned with this appeal. Present — Lazansky, P. J., Rich, Kapper, Carswell and Scudder, JJ.

KATHERINE ALCHERMES, as Administratrix, etc., of WILLIAM J. ALCHERMES, Deceased, Appellant, v. BROOKLYN EDISON COMPANY, INC., Respondent.— Order reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. It is not made to appear that the articles of which discovery and inspection is sought relate to the merits of the action or the defense therein. (Matter of Burton, 203 App. Div. 870.) Lazansky, P. J., Rich, Kapper, Carswell and Scudder, JJ., concur.

JOHN R. ARMSTRONG, Respondent, v. JOHN C. WATSON, Appellant.— Order denying defendant's motion for leave to serve an amended answer reversed upon the law, with ten dollars costs and disbursements, and motion granted, without costs. Though the allegations are none too satisfactory, giving the pleading a liberal interpretation and the benefit of every doubt, under it evidence may be adduced of a situation which would warrant a holding that there was a duty to speak. Young, Kapper, Hagarty, Seeger and Carswell, JJ., concur.

JOHN R. ARMSTRONG, Respondent, v. JOHN C. WATSON, Appellant.— Order granting motion for summary judgment and judgment entered thereon reversed upon the law and the facts and motion denied, costs to abide the event, upon the ground that there is an issue of fact to be tried. Young, Kapper, Hagarty, Seeger and Carswell, JJ., concur.

GEORGE A. BAHR, Respondent, v. JOHN SEAGER, Appellant.— Order reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Examinations before trial in this class of cases are rarely necessary and should be granted only when it is shown that the evidence sought to be adduced at the examination is material and necessary upon the trial. (Stogner v. Albright, 219 App. Div. 748; Wessel v. Schwarzler, No. 1, 144 id. 587.) Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.

ELIZABETH C. BARTON, Plaintiff, v. OSTEND BATHS, INC., and Others, Defendants. THOMAS DOWNS, as Receiver for OSTEND BATHS, INC., Appellant; GRAND UNION TEXTILE MILLS, Respondent.— Order granting motion of petitioner and directing the receiver to pay petitioner's bill for certain goods reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The court was without authority to determine this con-